IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

           v.

TOUFEK AKIEL HAKIM,

    Defendant.

Case No. 3:14CR82

Chief District Judge Susan J. Dlott
Magistrate Judge Michael J. Newman

## REPORT AND RECOMMENDATION[1]

This case came on for hearings June 17 and June 18, 2014. Assistant United States Attorney Dwight Keller appeared on behalf of the Government. Dennis Lieberman appeared on behalf of Defendant. The case was referred to the undersigned for plea proceedings pursuant to Fed. R. Crim. P. 59. Defendant, through counsel, orally consented to proceed before the United States Magistrate Judge for these hearings.

The undersigned examined Defendant under oath as to his understanding of the Plea Agreement and the Pretrial Diversion Agreement and the effect of entering a plea pursuant to those Agreements. Having conducted that colloquy, the Magistrate Judge concludes that Defendant understands the rights waived by entering a guilty plea and is competent to waive those rights. The Plea Agreement and the Pretrial Diversion Agreement were both acknowledged by Defendant in open court.

The Magistrate Judge concludes that Defendant's guilty plea to Counts One and Two of the Information dated June 3, 2014, is a knowing, intelligent and voluntary plea. The Magistrate

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Judge also concludes that the Statement of Facts made part of the Plea Agreement, the truth of which Defendant acknowledged in open court, provides a sufficient factual basis for a finding of guilt.  It is therefore respectfully recommended that: (1) Defendant's guilty plea be accepted; (2) the Court defer finding Defendant guilty as charged in Counts One and Two of the Information; (3) the Court defer accepting the plea agreement; and (4) Defendant be referred to Pre-Trial Services for completion of the Pre-Trial Diversion Program.


June 23, 2014                                                                    s/**Michael J. Newman**
                                                                                       United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).